| | | |
|---|---|---|
| Patricia Koch, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 6023 |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| The Chicago Board of, | ) | |
| Education | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Patricia Koch ("Koch") brings this action against the Chicago Board of Education ("the Board") by way of an amended complaint. R. 36. Koch alleges that she was wrongfully discharged because of her age, that she was not rehired because of her age, and that she was retaliated against for filing an age discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"), all in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. R. 36. The Board has moved for summary judgment pursuant to Fed. R. Civ. Pro. 56 on each of Koch's claims. R. 59. Specifically, the Board argues that Koch failed to put forth evidence establishing a *prima facie* case with regard to Koch's termination and failure to rehire claims; that even if Koch did establish a *prima facie* case for these two claims, the Board had legitimate non-discriminatory reasons for its actions that were not pretextual; and finally, that Koch's retaliation claim is time-barred and without merit. R. 60. For the following reasons, the Board's motion is granted and this case is dismissed.

1

# BACKGROUND

## I.      Koch's Employment History with the Board

In 1996**,** Koch began working for the Board as a substitute teacher at Scammon School. R. 36 ¶ 4. In 2005, she was hired as a Math/Science Specialist in the Math and Science Department, which was a department within the Office of Instruction of the Board. R. 69 ¶ 3. In 2007, Koch became an algebra coach within the Math and Science Department. *Id*. Koch held this position until October 21, 2011. *Id*.

During the summer of 2011, in response to budget constraints, the Board announced that "there would be reductions to administrative and support staff in order to keep budget cuts away from the classroom." R. 69 ¶ 7. In addition, the Board "would undergo a redesign…to maximize resources and operating capacity," and to implement the Board's new initiative – to transition to the Common Core State Standard ("CCSS"). R. 69 ¶¶ 7-9. The redesign called for the elimination of 150 positions within the Office of Instruction. R. 69 ¶ 13.

On September 21, 2011, Jennifer Cheatem ("Cheatem"), the Chief Instructional Officer for the Board, held a meeting with several departments, including Koch's, and announced the redesign. R. 69 ¶ 15. During the meeting, Cheatem explained that "[a]ll 16 positions in the [Math & Science] Department (4 vacant and 12 occupied) were slated to be closed and all 12 employees including, [Koch], were informed that they would be laid off effective October 21, 2011." R. 69

¶ 16.[1] However, Cheatem advised that employees could apply for other positions within the Board, and if hired into a new position prior to the layoff, they would simply be transferred to the new position. R. 69 ¶¶ 15-16.

On October 14, 2011, Jesch Reyes ("Reyes") was hired as the Director of the math and science department. R. 69 ¶ 20. "Reyes was allotted ten positions, not including himself and an administrative assistant." R. 69 ¶ 21. Reyes "was given the responsibility to make hiring recommendations for those 10 positions; he recommended the Board hire three Science Specialist positions (one for [grades] K-5, one for [grades] 6-8, and one for [high school]), six Math Specialist positions (two for [grades] K-5, two for [grades] 6-8 and two for [high school]); [sic] and one [grade] 6-8 Math/Science Specialist." R. 69 ¶ 18. The math director and science director positions were eliminated, along with the two algebra instructional coach positions. *Id*.

Between September 20, 2011 and October 21, 2011, Koch applied for other positions within the math and science department, including one of the grades 6-8

---

[1] As of September 21, 2011, the status of the math and science department was as follows:
- Director of Math and Science – Vacant
- Director of Science – John Loehr ("Loehr") – Born in 1970
- Grades K-5 Science Manager – Vacant
- Grades K-5 Science Specialist – Barbara Dubielak-Wood ("Wood") – Born in 1953
- Grades 6-8 Science Specialist – Vacant
- High School Science Specialist – Angela Dumas ("Dumas") – Born in 1966
- Science Enrichment Specialist – Jean Westrick ("Westrick") – Born in 1977
- Director of Math – Vacant
- Grades K-5 Math Specialist – Karen Holly ("Holly") – Born in 1951
- Grades K-5 Math Specialist – Lyudmila Kell ("Kell") – Born in 1959
- Grades 6-8 Math Specialist – Katrena Washington ("Washington") – Born in 1971
- Grades 6-8 Math Specialist – Faylesha Porter ("Porter") – Born in 1972
- High School Math Specialist – Rickey Murff ("Murff") – Born in 1955
- High School Math Specialist – John Newman ("Newman") – Born in 1982
- Grades 6-8 Algebra Instructional Coach – Koch – Born in 1951
- Grades 6-8 Algebra Instructional Coach – Matthew McLeod ("McLeod") – Born in 1966

math specialist positions. R. 69 ¶¶ 22-23. Koch was not interviewed for any of the positions to which she applied. *Id*. Dumas and Kell applied for, and accepted, positions within another department prior to the layoff. *Id*. Wood, Porter, and Murff applied for, and were rehired into, the positions they held prior to the layoff. *Compare* R. 60 at 4 *to* R. 69 ¶ 26. McLeod was hired as a grades 6-8 math specialist. R. 69 ¶ 26. And without having been rehired into other positions, Koch, Loehr, Westrick, Holly, Washington, and Newman were all laid off on October 21, 2011. R. 69 ¶ 22.

"Between October 17, 2011 and November 7, 2011, [Koch] informally expressed an interest in the remaining K-5 and HS Math Specialist positions and the K-5 Science Specialist position." R. 69 ¶ 24. "In Mid-November, Plaintiff formally applied for the K-5 and [high school] Math Specialist positions." *Id*. Then, in April of 2012, Koch was hired by the Board to teach sixth grade math and science at John Hay School. R. 63, Ex. A1, at 12:2-4, 27:13-24, 28:1-12. Despite accepting this job offer, Koch formally applied for a grades 6-8 math specialist position in May of 2012. R. 69 ¶ 25.

## II.    Procedural History

Not receiving any job offers from the Board, Koch filed a complaint with the EEOC on November 9, 2011.[2] R. 36, Ex. 1. The box marked "age"[3] was checked in

---

[2] Filing a charge with the Illinois Department of Human Rights is equivalent with filing a charge with the EEOC under the dual filing system and work-sharing agreement between the two agencies. *See Garcia v. Village of Mount Prospect*, 360 F.3d 630, 642-43 n.13 (7th Cir. 2004).

Koch's EEOC complaint which alleged that "[s]ince September 2011, I have applied for several positions and [the Board] has hired younger employees. On or about October 21, 2011, I was discharged. I believe I was discriminated against because of my age…in violation of the Age Discrimination in Employment Act." *Id*. Koch provided October 21, 2011 as the date of the last discriminatory act, and did not check the box to indicate that the discriminatory conduct was ongoing. *Id*.

On May 3, 2012, the EEOC notified Koch that it was closing its file on Koch's November 9, 2011 complaint, and informed her of her right to sue based on the complaint. R. 36, Ex. 3. Koch timely filed the original complaint in this matter with the Court on July 31, 2012. R. 1. The original complaint was based solely on the November 9, 2011 EEOC charge. *Id*. In her complaint, Koch asserted that she applied for various positions with the Board to no avail, and that she was improperly discharged from her employment with the Board because of her age. *Id*. The complaint contained two counts: a discriminatory termination count and a disparate impact count, both filed pursuant to the ADEA. *Id*. The Court granted the Board's motion to dismiss the disparate impact count, but allowed the case to proceed on the discriminatory termination count. R. 22.

Koch filed a second EEOC complaint on June 7, 2013. R. 36, Ex. 2. In that complaint, Koch checked the retaliation and age discrimination boxes. *Id*. Koch stated "I applied for employment with [the Board] as a Math Specialist. I filed an

---

[3] There is a section of every EEOC charge form that states "DISCRIMINATION BASED ON (Check appropriate box(es)).". The section then contains ten boxes that correspond to different bases of discrimination, such as race, color, sex, religion, *etc*. *See* R. 36, Ex. 1.

EEOC charge. I continued to apply for employment as a Math Specialist. I was not selected for the position(s), while younger applicants were hired. I believe that I have been discriminated against because of my age…and in retaliation for engaging in protected activity, in violation of the Age Discrimination in Employment Act." *Id*. Koch provided June 7, 2013 as the most recent date that discriminatory conduct occurred and checked the box indicating that the discriminatory conduct was ongoing. *Id*.

The EEOC issued Koch a right to sue letter based on the June 7, 2013 complaint on June 19, 2013. R. 36, Ex. 4. Upon receiving the right to sue letter from the EEOC on the June 7, 2013 charge, Koch filed an amended complaint on June 27, 2013. R. 36. While the amended complaint contains only one count, read liberally, Koch's amended complaint pleads three separate causes of action: discriminatory discharge on account of Koch's age, failure to rehire on account of Koch's age, and retaliatory failure to rehire for filing the November 9, 2011 EEOC charge, all claimed pursuant to the ADEA. *Id*.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Ball v. Kotter*, 723 F.3d 813, 821 (7th Cir. 2013).

To defeat summary judgment, a nonmovant must produce more than "a mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual…because of such individual's age." 29 U.S.C. § 623(a). 29 U.S.C. § 631(a) limits the ADEA's applicability to persons who are 40 years of age and older. The Act further prohibits employers from "discriminat[ing] against any of his employees or applicants for employment…because such individual…has opposed any practice made unlawful by this section, or because such individual…has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623(d). In Illinois, prior to initiating a private civil action under the ADEA, a plaintiff must file a charge with the EEOC "within 300 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d)(1)(B); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004). If the EEOC decides not to pursue the charge, it will issue a notification to the aggrieved party informing them of their determination and transferring the right to sue to the aggrieved party. 29 U.S.C. § 626(e); *Knutson v. UGS Corp.*, 526 F.3d 339, 341 (7th Cir. 2008). A plaintiff then has 90 days to file suit after receiving

the EEOC's "right to sue" letter. *Id.* Failure to comply with either of these time requirements will result in the court's dismissal of the action. *See Miller v. American Airlines, Inc.*, 525 F.3d 520, 525-26 (7th Cir. 2008).

To survive a motion for summary judgment on an age discrimination claim, a plaintiff must first establish a *prima facie* case of discrimination. *McCollough v. Snow*, 84 Fed. App'x. 667, 669 (7th Cir. 2003). To establish a *prima facie* case of discrimination under the ADEA, a plaintiff may show evidence of discrimination directly or indirectly. *Martino v. MCI Commc'ns Servs., Inc.*, 574 F.3d 447, 452 (7th Cir. 2009). "Under the direct method of proof, the plaintiff makes her case by pointing to evidence directly showing that her employer subjected her to an adverse employment action on an impermissible discriminatory basis." *Andrews v. CBOCS West, Inc.*, 743 F.3d 230, 234 (7th Cir. 2014). "'Direct' proof includes both evidence explicitly linking an adverse employment action to an employer's discriminatory animus, and circumstantial evidence that would permit the trier of fact to infer that discrimination motived the adverse action." *Morgan v. SVT, LLC*, 724 F.3d 990, 995 (7th Cir. 2013) (internal citations omitted). If the plaintiff relies on circumstantial evidence, the plaintiff must provide enough "various scraps" of evidence that, taken as a whole, allow the trier of fact to draw the inference that the defendant discriminated against the plaintiff. *Id.* at 995-96. "Typical kinds of evidence used for this purpose include '(1) ambiguous statements or behavior towards other employees in the protected group; (2) evidence, statistical or otherwise, that similarly situated employees outside of the protected group systematically receive

better treatment; and (3) evidence that the employer offered a pretextual reason for an adverse employment action.'" *Id.* (quoting *Diaz v. Kraft Foods Global, Inc.*, 653 F.3d 582, 587 (7th Cir. 2011)).

The "indirect method" is a "particular way of using circumstantial evidence at the summary judgment stage." *Morgan*, 724 F.3d at 996. This is the "burden-shifting method of proof recognized in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), under which the plaintiff first establishes a *prima facie* case of discrimination, the employer responds by articulating a legitimate, nondiscriminatory reason for its action, and the plaintiff then has the burden of showing that the employer's explanation is pretextual." *Hester v. Ind. State Dep't of Health*, 726 F.3d 942, 947 (7th Cir. 2013).

## I.    Discriminatory Discharge Claim

The Board argues that it is entitled to summary judgment with regard to Koch's discriminatory discharge claim because Koch has not, and cannot, put forth any evidence establishing a *prima facie* case of discrimination. R. 60. Specifically, the Board argues that Koch has failed to produce any direct evidence that Koch was discharged on account of her age. *Id.* The Board argues further that Koch has failed to put forth any indirect evidence establishing the fourth prong of the *McDonnell Douglas* burden shifting test, *i.e.*, that other similarly situated persons outside of the protected class were treated more favorably. *Id.* The Court agrees and grants summary judgment in the Board's favor.

### A.    Direct Method

## 1. Direct Evidence

Koch makes the bald assertion in her amended complaint that she was discharged on account of her age. R. 36 ¶ 49. Koch fails, however, to provide any direct evidence supporting this assertion. During her deposition, Koch was asked for the basis for her belief that she was discharged on account of her age. R. 63, Ex. A1 at 118:14-16. Koch responded that the basis for her belief was that everyone who was rehired was younger than she was. *Id*. at 118:17-19. Koch's answer, while factually inaccurate, also mistakenly conflates two distinct claims: the alleged discriminatory discharge claim and the alleged discriminatory failure to rehire claim. *Sauzek v. Exxon Coal USA, Inc.,* 202 F.3d 913, 920 (7th Cir. 2000)). ("[A]n employer's decision to terminate a worker is a separate and distinct act from a subsequent decision not to rehire that employee."). Evidence of the Board rehiring employees younger than Koch is relevant to her claim of discriminatory failure to rehire, but it is not relevant evidence supporting her discriminatory discharge claim.

Koch concedes in her deposition that no one made any age-related comments to her or told her that she was being discharged because of her age. *Id*. at 119:10-19. Koch's memorandum in opposition to the summary judgment motion, however, points to statements made by Reyes and McLeod during their depositions that Koch was "old school" and not able to understand the new vision of the Board as demonstrative of their animus towards her age. R. 67 at 6. Again, these statements relate to the failure to rehire claim, not the initial discharge claim. This is so

because it is undisputed that neither Reyes nor McLeod had any role in the initial determination to terminate Koch's employment. Koch does not offer any evidence, let alone allege, that either Reyes or McLeod had any role in the reorganization of the Chicago Public School systems, or that they were in a position to determine whether Koch's role would be impacted by the reorganization. In fact, Reyes was not made the director of Koch's department until after the reorganization was decided on and announced. R. 69 ¶¶ 15, 20. As such, any alleged animus Reyes or McLeod harbored towards Koch on account of her age is entirely irrelevant to Koch's claim of discriminatory discharge. *West v. Ortho-McNeil Pharm. Corp.*, 2003 WL 260710, at *6 (N.D. Ill. 2003) ("[T]o constitute direct proof of discrimination, isolated discriminatory statements must be made the by the decision maker, *Stopka v. Alliance of Am. Insurers*, 141 F.3d 681, 688 (7th Cir. 1998), or by 'those who provide input into the decision.'" *Hunt-Goliday v. Metro. Water Reclamation Dist. of Greater Chicago*, 104 F.3d 1004, 1010 (7th Cir. 1997)).

## 2.    Circumstantial Evidence

Similarly, Koch fails to offer any circumstantial evidence which would allow a reasonable trier of fact to draw an inference that Koch was discharged because of her age. To the contrary, it is undisputed that the initial discharge was caused solely by the Board's reorganization. R. 69 ¶¶ 7-18. Koch has not alleged any facts that the Board initiated the reorganization, or determined which positions would be eliminated under the reorganization, because of Koch's age. Rather, Koch agrees that every employee in the math and science department, regardless of age,

received layoff letters, and every employee in the math and science department was required to reapply for positions to avoid discharge on October 21, 2011. R. 63, Ex. A1 at 83:13-21; R. 69 ¶¶ 7-18.

### B.     Indirect Method

Koch's claim of discriminatory discharge fails under the indirect method as well. To make out a *prima facie* case of discrimination discharge under the *McDonnell Douglas* method, Koch must demonstrate that (1) she was a member of a protected class; (2) she was performing her job satisfactorily; (3) she suffered an adverse employment action; and (4) the Board treated similarly-situated employees out of the protected class more favorably. *Arizanovska v. Wal-Mart Stores, Inc.*, 682 F.3d 698, 702 (7th Cir. 2012). The Board argues, and the Court agrees, that Koch fails to offer sufficient indirect evidence to establish a *prima facie* case of age discrimination with regard to her discharge. Specifically, Koch does not put forth any evidence to satisfy the fourth prong of the *McDonnell Douglas* burden shifting test – that the Board treated similarly situated persons outside of the protected class more favorably.

Again, it is undisputed that the Board was undergoing a district-wide reorganization due to budget constraints and a transition to the CCSS. R. 69 ¶¶ 7-18. Koch concedes that every person in her department, regardless of age, was told that their employment would be terminated on October 21, 2011, unless they applied for a new position and were rehired. R. 63, Ex. A1 at 83:13-21; R. 69 ¶¶ 7-18. Moreover, Koch concedes that every person in her department was required to

reapply for a position with the Board if they wanted to maintain employment. *Id*. Finally, it is undisputed that the only persons within Koch's department that were not discharged on October 21, 2011 were those that applied for, and were rehired into, other positions. R. 69 ¶¶ 22-23, 26. As such, the evidence undisputedly establishes that every person in Koch's department was treated equally. It necessarily follows then that Koch cannot demonstrate that similarly situated persons outside of the protected class were treated more favorably. Accordingly, Koch cannot establish a *prima facie* case of age discrimination with regard to her discharge.

Because Koch has failed to offer any direct or indirect evidence demonstrating that the Board's decision to terminate her employment was motivated by her age, and instead concedes that her discharge was caused by a district-wide reorganization that impacted every employee in the math and science department equally, the Board's motion for summary judgment with regard to Koch's discriminatory discharge claim is granted and the claim is dismissed.

## II. Discriminatory Failure to Rehire Claim

The Board argues that it is entitled to summary judgment with regard to Koch's discriminatory failure to rehire claim because Koch has not, and cannot, establish the fourth prong of the *McDonnell Douglas* burden shifting test. R. 60. The Court, however, dismisses this claim on different grounds. As discussed *supra*, prior to initiating a federal cause of action for a violation of the ADEA, a plaintiff must first exhaust her administrative remedies by filing an EEOC complaint within 300

days of the alleged discriminatory conduct. 29 U.S.C. § 626(d)(1)(B); *Flannery v. Recording Indus. Ass'n. of America*, 354 F.3d 632, 637 (7th Cir. 2004)). If the EEOC decides not to pursue the claim itself, a plaintiff then has 90 days after the receipt of the right to sue letter to initiate her civil cause of action. *Id.*; *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999).

As discussed in the "Background" section *supra*, Koch filed her initial EEOC complaint on November 9, 2011, alleging that "[s]ince September 2011, I have applied for several positions and [the Board] has hired younger employees. On or about October 21, 2011, I was discharged," in violation of the ADEA. R. 36, Ex. 1. In a separate section of the form, Koch indicates that October 21, 2011 is the latest date that any discriminatory conduct took place. *Id.* Notably, Koch did not check the box to indicate that the discriminatory conduct was continuing. *Id.* This is relevant because on Koch's subsequent EEOC complaint form in which she alleges retaliation, Koch did check the box to indicate that the discriminatory conduct was continuing. R. 36, Ex. 2. Koch does not contend that she did not understand how to properly fill out the form, or that she mistakenly omitted the check, in the first instance. As such, the Court holds that the November 9, 2011 EEOC form applies only to alleged instances of discriminatory failure to rehire which occurred from September 2011 to October 21, 2011.

Koch received a right to sue letter based on the November 9, 2011 EEOC charge on May 3, 2012. R. 36, Ex. 3. Koch then timely filed the original complaint with the Court based on this EEOC charge on July 31, 2012. R. 1. Unfortunately,

the original complaint did not plead a cause of action for discriminatory failure to rehire. *See Id.* To plead a cause of action for failure to rehire, a plaintiff must allege: 1) that the plaintiff was a member of a protected class; 2) that the plaintiff applied for a position and was qualified for the position sought; 3) that the defendant rejected plaintiff's application; and 4) that the defendant hired similarly situated persons who were outside of the protected class. *Zaccagnini v. Charles Levy Circulating Co.*, 338 F.3d 672, 675 (7th Cir. 2003). While an employment discrimination claim need not allege exhaustive facts supporting the stated cause of action, it "must contain something more than a general recitation of the elements of the claim." *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citing *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 781-82 (7th Cir. 2007)).

Koch's original complaint does not even contain a general recitation of the elements of a discriminatory failure to rehire claim. While Koch's original complaint does contain allegations that she applied for other positions with the Board, R. 1 ¶¶ 16-17, it does not contain any allegations that she was qualified for the positions that she applied for, or that similarly situated younger persons were offered the positions for which Koch applied. In fact, the only mention of "similarly situated younger employees" is in the discriminatory discharge count and the disparate impact count of the complaint. R. 1 ¶¶ 35, 42. As previously discussed, discriminatory termination claims are separate and distinct causes of action from discriminatory failure to rehire claims. *See supra* Part I.A.1. As such, a complaint alleging sufficient facts to adequately plead a discriminatory discharge claim does

not necessarily adequately plead a discriminatory failure to hire claim. In this instance, Koch's original complaint pled only a discriminatory termination cause of action. *See* R. 1; R. 22.

Koch's amended complaint, on the other hand, contains specific allegations that she applied for Board positions on September 21, 2011, R.36 ¶ 19, that she conveyed her interest in positions to Reyes, who was responsible for filling the positions, R. 36 ¶ 20, that Reyes filled the "positions with candidates of lesser credentials and experience" than Koch, R. 36 ¶ 22, and most importantly, that Koch "has been passed over, ignored, and not been selected for the positions while other younger applicants have been hired," R. 36 ¶ 32. Unfortunately, Koch's amended complaint was filed on June 27, 2013, over a year after she was issued a right to sue letter on the discriminatory failure to rehire EEOC charge. R. 36, Ex. 1, 3. As such, because Koch did not initiate a private cause of action on the discriminatory failure to rehire claim within 90 days of receiving the EEOC's right to sue letter regarding this cause of action, that claim is not properly before the Court and is dismissed.

Even if Koch had timely filed her complaint with regard to the discriminatory failure to rehire claim, the Court would still grant the Board's motion for summary judgment on this claim. As discussed, this claim was limited by Koch's EEOC complaint to the time period of September 21, 2011 to October 21, 2011. The relevant time period is limited further as Koch alleges that Reyes was responsible for making the hiring decisions and Reyes did not obtain that responsibility until October 14, 2011. As such, the only time period during which Reyes could have

failed to rehire Koch due to his alleged age animus was October 14, 2011 to October 21, 2011.

Ultimately, Koch has not and cannot sufficiently establish that Reyes failed to rehire her solely on account of her age. *Martino,* 574 F.3d at 455 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)) ("[I]n the ADEA context, it's not enough to show that age was a motivating factor. The plaintiff must prove that, but for his age, the adverse action would not have occurred.") Koch attempts to string together various scraps of evidence to establish that Reyes refused to hire Koch because of her age. R. 67. However, it is uncontested that of the first six people Reyes hired, one was the same age as Koch, one was two years Koch's junior, and a third was four years Koch's junior. The Seventh Circuit has made clear that "[u]nder the ADEA, in the case of younger employees that fall above the age of forty, the age difference must be ten years or greater in order to be presumptively substantial." *Tubergen v. St. Vincent Hosp. & Health Care Ctr., Inc.,* 517 F.3d 470, 475 n. 4 (7th Cir. 2008). Accordingly, half of the people Reyes hired within the first month that he became Director were either not younger than Koch, or so close in age to Koch that their hiring does not create a presumption of age animus. Because half of the offers Reyes made during the relevant time period were to applicants approximately the same age as Koch, it follows that Koch cannot establish that Reyes harbored any animus towards her because of her age, or that Reyes favored younger similarly situated applicants. *See Martino*, 574 F.3d at 454-55 (finding an inference of nondiscrimination when the employer who hired people within the protected age

class was also the individual who fired them). As such, even if Koch's discriminatory failure to rehire claim had been timely, the Board would still be entitled to summary judgment.

## III.    Retaliatory Failure to Rehire Claim

### A.    Retaliation Based on Koch's EEOC Complaint

The Board argues that because Koch filed her retaliatory failure to rehire EEOC complaint on June 7, 2013, any retaliatory actions committed prior to August 11, 2012 are time-barred as being outside of the 300-day window proscribed by 29 U.S.C. § 626(d)(1)(B). R. 60 at 17. Notably, Koch does not address this argument in her opposition. Regardless, the Court agrees with the Board that Koch is precluded from proceeding on any alleged retaliatory failure to rehire actions which occurred prior to August 11, 2012. 29 U.S.C. § 626(d)(1)(B); *Flannery*, 354 F.3d at 637.

Koch makes general allegations that "[a]s positions continued to be posted on the Chicago Board of Education website, [she] continued to make application for them, and [she] [has] not been granted so much as an interview." R. 84 ¶ 93; R. 67 ¶¶ 28-29. However, Koch only provides evidence that she applied for positions with the Board in September of 2011, November 2011 and May of 2012. R. 71, Ex. 3. While Koch indicates on her June 7, 2013 EEOC complaint that she was subjected to retaliatory conduct as recently as that particular day, and that such conduct was ongoing, Koch fails to present any specific evidence that she applied for positions with the Board, or was not considered for those positions, on or after August 11, 2012. Because Koch has failed to provide any evidence establishing that she was

retaliated against during the relevant time period (August 11, 2012 – June 7, 2013), Koch's claim of retaliatory failure to rehire for filing an age discrimination EEOC complaint is dismissed. *Johnston v. Amax Coal Co.*, 963 F. Supp. 758, 763 (S.D. Ind. 1997) (citing *Cliff v. Bd. of Sch. Comm'rs*, 42 F.3d 403, 408 (7th Cir. 1994)) ("A nonmovant will not defeat summary judgment merely by pointing to self-serving allegations without evidentiary support."); *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) ("As we have said before, summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events," or risk dismissal.) (quoting *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007)) (internal quotation marks omitted).

### B. Retaliation Based on the Board's Residency Requirements

The Court notes that Koch has focused a significant amount of the voluminous summary judgment briefing and exhibits on the allegation that the Board retaliated against her. The basis for this claim extends beyond the filing of an EEOC complaint for age discrimination and includes retaliation for uncovering the Board's failure to adhere to its residency requirements in its hiring practices. Koch, however, fails to include any factual allegations or causes of action relating to the residency requirement retaliation issue in her original complaint or in her amended complaint. As such, all allegations relating to the residency requirement retaliation issue are irrelevant and ignored herein.

Even if Koch had included this basis for retaliation in her complaint, she would still not have a claim because she failed to include any reference to this basis for retaliation in either EEOC complaint. "A plaintiff may not bring claims in a lawsuit that were not included in his EEOC charge." *Eckhardt v. NSI Elec. Contractors, Inc.*, 2005 WL 1387625, at *15 (E.D. Wis. 2005) (citing *Cable v. Ivy Tech. State Coll.*, 200 F.3d 467, 476-77 (7th Cir. 1999)). Moreover, even if Koch had included these allegations in her EEOC complaints, they would still not be properly before the Court because the ADEA only protects speech made in opposition to any practice made unlawful by the ADEA, which does not include complaints about the Board's residency requirements. 29 U.S.C. § 623(d).

The Court also notes that even if Koch's retaliatory failure to rehire for filing an EEOC complaint had been timely, her assertions that the Board retaliated against her because she uncovered the Board's noncompliance with its residency requirements would have defeated it. *See Greene v. Porter*, 557 F.3d 765, 769-70 (7th Cir. 2009) (finding that plaintiff's gender discrimination evidence which showed that boss gave preferential treatment to his friends, not men generally, defeated sex discrimination claim because it "revealed some other, nondiscriminatory reason for the employer's decision.") (quoting *Reeves v Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 148 (2000)) (internal quotation marks omitted). Accordingly, Koch has offered evidence of a non-ADEA discriminatory reason for the Board's conduct, defeating her ADEA-based retaliatory failure to rehire claim.

## CONCLUSION

For the foregoing reasons, the Board's motion for summary judgment, R. 59, is granted. Koch's claims are dismissed in their entirety, and this action is terminated.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: November 6, 2014